Percy L. Wilburn, Chief of Police Lake Village Police Department P.O. Box 725 Lake Village, Arkansas 71653
Harolyn Keith, City Clerk P.O. Box 725 Lake Village, Arkansas 71653
Dear Chief Wilburn and Ms. Keith:
I am writing in response to your joint request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on the releasability of certain records under the Arkansas Freedom of Information Act ("FOIA") codified at A.C.A. §§ 25-19-101- to 107 (Repl. 1996 and Supp. 1999). Specifically, your request letter indicates that the City of Lake Village has received an FOIA request for the following information:
 . . . all documents pertaining to the suspension of Charles Moore for ten (10) days in July 1999.
. . . all information pertaining to:
a) the suspension and/or termination of Dwight Bruce in 1995 and;
 b) all documents pertaining to the lawsuit filed by James Gosney against Dwight Bruce.
You state the following with regard to this request:
 The Chief of Police, Percy L. Wilburn, is the custodian of the portion of the personnel records relative to the suspension and/or termination of Dwight Bruce in 1995 and the suspension of Charles Moore in 1999. All other documents related to the lawsuit "Gosney v. Bruce" referenced in the request are not retained by the City of Lake Village, except transmittal letters attached to opinions for the Eighth Circuit Court of Appeals affirming a federal district court judgment dismissing the case against the City of Lake Village and effectively closing the case. These latter documents are in the custody of the City Clerk, Harolyn Keith.
RESPONSE
I must note from the outset that my duty under A.C.A. §25-19-105(c)(3)(B) is to issue an opinion "stating whether the decision [of the custodian as to the releasabilty of the records] is consistent with [the FOIA]. A.C.A. § 25-19-105(c)(3)(B). You have not indicated what the City's decision is as regards the releasabilty of these records. I am therefore not in a position to review any decision in that regard. Additionally, I have not been provided with the records in question, and therefore cannot come to any definitive conclusions as to their public nature. I have set out below, however, the applicable principles of law which control the question.
It appears from your correspondence that the City is in possession of documents relating to the suspension of one of the named individuals and the suspension and/or termination of the other named individual. Although I have not reviewed the records in question, I have previously opined that records relating to suspensions and terminations can be properly classified as "employee evaluation or job performance records" for purposes of the FOIA." See, e.g., Ops. Att'y Gen. 99-361 and 99-359. Such records can be released only if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
The question of whether there has been a final administrative resolution of a termination or suspension and the question of whether the requested records formed a basis for that termination or suspension are clearly questions of fact that can be readily determined. Any employee evaluation and job performance records can be disclosed only if those questions can be answered affirmatively, and if it is determined that there is compelling public interest in their disclosure, as discussed below.
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor Watkins has provided some guidelines for determining whether such an interest exists. He states: "the nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest. . . .' The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." WATKINS, supra. at 135. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 137. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. WATKINS, supra at 136 (noting that "[a]s a practical matter, courts may be more likely to find such an interest when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
It should be noted that any records that are released should be reviewed individually to determine whether they contain specific information that is exempt from disclosure even if the record itself is not exempt from disclosure. If so, this information should be redacted from the records prior to their release. For example, if the records contain social security numbers, they should be redacted. See, e.g., Op. Att'y Gen. No.99-011, citing 5 U.S.C. § 522a (the "Federal Privacy Act"). Similarly, unlisted telephone numbers should be redacted. See, e.g., Op. Att'y Gen. No. 99-054. Under certain specialized circumstances where the facts indicate that the individual in question has a heightened privacy interest, the home address and listed telephone number can be redacted as well. See Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998); Op. Att'y Gen. No. 99-054.
Finally, I note that some information may be withheld from disclosure even if it is not subject to a specific exemption from disclosure — if it rises to a level worthy of constitutional protection. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the Freedom of Information Act, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v.City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). TheMcCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. The court further held that if these attributes apply to the matters in question, it must then be considered whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs the individual's privacy interest in their non-disclosure. This potential constitutional issue must be considered before any document is disclosed.
Finally, as regards the transmittal letters pertaining the mentioned lawsuit, I can find no exemption that would shield these letters from public inspection. Other records relating to the lawsuit in question may be maintained and open to the public at the federal district court, absent a court order sealing them.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh